■ M-L SERVICING, INC., Respondent, v. JOSEPH G. CONVERTINO, et al., Defendants, and RICHARD A. PERNELL et al., Appellants.— Appeal from an order of a Special Term of the Supreme Court, Broome County. In this action to foreclose a mortgage the only defendants who answer are infant children of a mortgagor who has died and the court at Special Term has granted plaintiff's motion for summary judgment. They assert the defense of usury. This is based on a conceded payment of $480 by the decedent and defendant Convertino, who were mortgagors, above interest reserved and certain legal and other fees agreed to be paid. Plaintiff also offered in support of the motion for summary judgment an affidavit by an officer showing conversations with the decedent by which it was agreed that plaintiff was to be a broker in obtaining the mortgage from a savings bank in Brooklyn and was taking the mortgage in its own name because the proceeds were to be used for building purposes and local supervision of this was needed; and that the intention of the parties was that when the building was completed the mortgage would be assigned to the bank; this procedure being in the interest of the borrowers; and that the $480 was paid as a commission for brokerage service and was not part of the consideration for the loan. If this version of the facts is true the payment could not be usurious. The answering defendants would not be required to set forth facts on their own knowledge answering this affidavit to raise a triable issue; but the moving affidavit may reasonably be read as attributing some part of these considerations and the resulting agreement to the surviving mortgagor Convertino. In order to establish a triable issue of fact on this question defendant should have shown by Convertino's affidavit, either that within his own knowledge no such brokerage agreement was made; or, that he did not personally participate in any such conversation or communication with plaintiff. A means by which such an affidavit could be obtained was at hand (Rules Civ. Prac., rule 20). Instead, the answering affidavit filed by these defendants raised no factual issue, but pursued an argument on the law. Order affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ M-L SERVICING, INC., Respondent, v. JOSEPH G. CONVERTINO et al., Defendants, and RICHARD A. PERNELL et al., Appellants.— Appeal from an order of a Special Term of the Supreme Court, Broome County. Order affirmed, without costs. (See *M-L Servicing* v. *Convertino*, 4 A D 2d 814.) Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ M-L SERVICING, INC., Respondent, v. JOSEPH G. CONVERTINO et al., Defendants, and RICHARD A. PERNELL et al., Appellants.— Appeal from an order of a Special Term of the Supreme Court, Broome County. Order affirmed, without costs. (See *M-L Servicing* v. *Convertino*, 4 A D 2d 814.) Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of the Estate of DENNIS A. SPERRY, Deceased. STATE TAX COMMISSION, Appellant; SHIRLEY K. SPERRY et al., as Executors of DENNIS A. SPERRY, Deceased, Respondents.— Appeal by the State Tax Commission from an order of the Surrogate's Court of Franklin County which affirmed a previous order of that court fixing the tax imposed on decedent's estate by article 10-c of the Tax Law. The issue is as to the applicability of the statutory provisions for a marital deduction (Tax Law, § 249-s, subd. 3) to the interest in property passing from decedent by virtue of testamentary provisions made for the benefit of his widow. By his will, decedent created a trust to consist of his residuary estate and to be administered by his executrixes, they being his widow and his sister, the income to be divided between them during " their respective lifetimes ", and, on the death of either, the total income